UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:03-CR-093-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | ORDER |
| | ) | |
| LYNN GARY SMITH, | ) | |
| Defendant | ) | |

This matter is before the court on defendant' *pro se* motion for a further reduction of his sentence [DE-57], following this court's October 2, 2008, Order allowing his Motion to Reduce Sentence under Title 18, United States Code §3582 [DE-36]. With that order, the court granted defendant's 18 U.S.C. § 3582(c)(2) motion, reducing defendant's term of imprisonment to 120 months.

In his current motion, Defendant asks that his sentence be reduced to reflect a 1:1 cocaine to crack ratio, arguing that district courts may now sentence according to this new ratio, and are not bound by any ratio provided for by the most current United States Sentencing Guidelines. As to the Defendant's argument that a 1:1 cocaine to crack ratio now is available to this court at sentencing, he is correct. In *Spears v. United States*, 129 S. Ct. 840 (2009), the Supreme Court, citing *Kimbrough v. United States*, 128 S. Ct. 558 (2007), confirmed that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears*, 129 S. Ct. at 843-44. In *Spears*, however, the Court was considering an appeal directly from a sentence in which the district court rejected the Guidelines 100:1 ratio between powder cocaine and crack cocaine quantities in favor of a 20:1 ratio. *Id.* at 841-42.

In support of his motion, the Defendant cites to two district court cases in which a 1:1 ratio was employed during sentencing of the defendants; *United States v. Gully*, 619 F.Supp 2d 633 (N.D. Iowa 2009) and *United States v. Lewis*, 623 F.Supp. 2d 42 (D.D.C. 2009). In both of those cases, as in *Spears*, the sentencing court was faced with the original sentencing of the defendant, not a subsequent formulaic change of the sentencing guidelines provided by §3582. The instant matter, however, is not before the court during the course of an original sentencing, but rather, following a post-sentence Motion for a Reduction of Sentence pursuant to § 3582. In contrast, the *Spears* Court, as well as the district courts whose cases were cited by the Defendant in his motion, was not considering the issue in the context of subsequent modification of a sentence under § 3582(c)(2). As a sister court recently recognized,

> retroactive modification of sentencing is strictly limited by 18 U.S.C. § 3582(c). Under § 3582, a sentence can only be modified, 1) upon a motion by the Director of the Bureau of Prisons; 2) when the U.S. Sentencing Commission lowers the applicable sentencing guideline range; or 3) when otherwise permitted by Rule 35 of the Federal Rules of Criminal Procedure or a federal statute. Amendments 706 and 713 of the U.S. Sentencing Guidelines fell within a particular justification of the statute which allowed this and other courts to apply the changes retroactively. *Kimbrough* and *Spears*, though critical opinions for *future* federal sentencing practice, do not provide the authorization necessary to revisit and modify past sentences.

United States v. Davis, No. 3:02-00069-02 , 2009 U.S. Dist. LEXIS 99023, at *4 (S.D.W. Va. Oct. 22, 2009). Accordingly, the court does not now have the authority to treat the Defendant's motion for a reduction of his sentence pursuant to a 1:1 ratio as if it were a matter heard during the original sentencing.

Accordingly, for the reasons stated above, the Defendant's motion for a further reduction

of his sentence [DE-57] hereby is DENIED.

SO ORDERED.

This the 30th day of June, 2010.

James C. Fox
Senior United States District Judge

3